**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**SADIE BIGBOY**,

      Plaintiff,

vs.                                                 No.  **CIV 06-703 MCA/RLP**

**BOARD OF EDUCATION OF THE
FARMINGTON MUNICIPAL SCHOOLS**,
a Public School System Organized Under
the Laws of the State of New Mexico, and
**MARY LOU SHEPPECK**, Assistant Superintendent
Human Resources of the Farmington Municipal Schools,
Individually and in her Official Capacity,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court pursuant to *Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Standing* [Doc. No. 29] filed on March 26, 2007.  Having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiff lacks standing and that this action must be dismissed without prejudice for lack of subject-matter jurisdiction.

**I.  BACKGROUND**

In their motion to dismiss, Defendants assert that Plaintiff and her husband, Daniel Bigboy, filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of New Mexico on October 12, 2005, and failed to list Plaintiff's cause of action against

Defendants as an asset in their bankruptcy schedules as required under 11 U.S.C. § 541(a)(1). Because it was never listed or discharged in the Chapter 7 bankruptcy proceeding, Defendants further assert that Plaintiff's cause of action remains the rightful property of the bankruptcy estate and, as such, only the Chapter 7 bankruptcy trustee has standing to prosecute that cause of action. Insofar as Plaintiff lacks standing to pursue a cause of action which belongs to the Chapter 7 bankruptcy estate, Defendants contend that this action must be dismissed for lack of subject-matter jurisdiction.

In response to Defendants' motion, Plaintiff does not dispute that this cause of action was previously undisclosed during the course of the Chapter 7 bankruptcy proceedings, and therefore it remains the property of the bankruptcy estate. Plaintiff's counsel represents that Plaintiff and her husband have made additional filings with the bankruptcy court to reopen the matter and disclose Plaintiff's cause of action against Defendants. None of these recent bankruptcy court filings, however, are attached to Plaintiff's response, nor has Plaintiff provided this Court with any evidence or authority to satisfy the requirements for subject-matter jurisdiction while the bankruptcy matter remains unresolved. Instead, Plaintiff simply requests that proceedings in this civil action be stayed pending further negotiations with the bankruptcy trustee.

## II.    ANALYSIS

Motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts

upon which subject matter jurisdiction is based." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir.2002). In reviewing a facial attack, the Court construes Plaintiff's pleading liberally, accepts all uncontroverted, well-pleaded factual allegations as true, and views all reasonable inferences in Plaintiff's favor. See Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). "In reviewing a factual attack, a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts,'" and a court's reference to such materials does not necessarily convert such a factual attack into a Rule 56 motion. Id. (quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir.1995)). Unless it is shown that no re-drafting of the pleadings could cure the jurisdictional defect, a dismissal for lack of subject-matter jurisdiction generally is not a decision on the merits and, therefore, constitutes a dismissal without prejudice. See Fed. R. Civ. P. 41(b); Leaf v. Supreme Ct. of Wis., 979 F.2d 589, 595 (7th Cir. 1992).

"Standing is a jurisdictional issue that may be raised by the court at any time." Wilson v. Glenwood Intermountain Properties, Inc., 98 F.3d 590, 592-593 (10th Cir.1996). As the party invoking federal jurisdiction, it is Plaintiff's burden to demonstrate that she is the proper party to bring this suit and that the issues raised in her complaint are justiciable. See Rector v. City & County of Denver, 348 F.3d 935, 942 (10th Cir.2003); Glover River Org. V. U.S. Dep't of Interior, 675 F.2d 251, 253 (10th Cir. 1982). "As an aspect of justiciability, the standing question is whether the plaintiff 'has alleged such a personal stake in the outcome of the controversy' as to warrant [her] invocation of federal-court jurisdiction

and to justify exercise of the court's remedial powers on [her] behalf." Warth v. Seldin, 422 U.S. 490, 498-99 (1975) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)).

Chapter 7 bankruptcy proceedings may pose an obstacle to a plaintiff's standing to pursue a civil action because,

> [g]enerally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. Barger v. City of Cartersville, 348 F.3d 1289, 1292 (11th Cir.2003). Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 541(a)(1) (providing that the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case"). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. Barger, 348 F.3d at 1292. Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate. 11 U.S.C. § 323; Barger, 348 F.3d at 1292.

Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004).

When, as here, the Plaintiff initially fails to list her cause of action as an asset on her Chapter 7 bankruptcy schedules, then that cause of action remains the property of the bankruptcy estate after the close of the bankruptcy proceedings. See id. (citing 11 U.S.C. § 554(d)). And because Plaintiff's standing must be assessed at the time the civil action is commenced, Plaintiff cannot retroactively obtain standing in this action through a subsequent effort to reopen the bankruptcy proceedings or join the bankruptcy trustee. See Clark v. Trailiner Corp., 242 F.3d 388, 2000 WL 1694299, at *2 (10th Cir. 2000) (unpublished order and judgment citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.5 (1992)); Paul v.

<u>USIS Commercial Servs. Inc.</u>, No. 04-RB-1384 (CBS), 2006 WL 2385202, at *2 (D. Colo. Aug. 17, 2006).

It follows from the above authorities that this Court lacks subject-matter jurisdiction over Plaintiff's *Complaint* due to Plaintiff's lack of standing at the time this action was commenced. Lacking subject-matter jurisdiction in the first place, this Court has no authority to stay the proceedings while Plaintiff attempts to satisfy the prerequisites for standing at some indefinite time in the future. The proper remedy is to dismiss this action without prejudice, leaving Plaintiff and/or the bankruptcy trustee with the option of filing another action at a future date when the jurisdictional requirements for standing are satisfied. The Court expresses no opinion as to whether the statute of limitations or other defenses would preclude such a future action.

**IT IS, THEREFORE, ORDERED** that *Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Standing* [Doc. No. 29] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED**, this 30th day of April, 2007, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge